# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANE CLARK,

               Plaintiff,

v.

JOHN DOES 1–4,

               Defendants.

Case No. 18-CV-809-JPS

**ORDER**

       Plaintiff, who is incarcerated at the Wisconsin Resource Center, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $4.48. 28 U.S.C. § 1915(b)(4).

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a

synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations in this case are straightforward. On March 8, 2017, while incarcerated at Waupun Correctional Institution ("Waupun"), he was placed in observation status. (Docket #1 at 2). This status is generally used to monitor inmates who present a risk of self-harm. On March 9, 10, and 11, Plaintiff was informed by various prison officials during medication passes—which occur in the morning, at noon, in the evening, and at bedtime—that his psychotropic medications were unavailable. *Id.* at 2–3. He did not receive any such medications on those days, and he complains that this caused him to go through severe medication withdrawals. *Id.*

Plaintiff's complaint crosses the very low threshold set at screening to state a claim for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. To state such a claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a

constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). While the denial of his psychotropic medication might ultimately be explained as mere negligence or the result of a considered treatment decision by his care providers, at the present stage the Court, generously construing Plaintiff's allegations, finds that he states an actionable claim.

One problem remains with his complaint, however. Plaintiff does not identify by name or occupation the various prison officials who informed him that his medication was unavailable. *See* (Docket #1). Instead, he identifies each of them only as John Doe. Moreover, although he names four John Does in the caption of his complaint, he only refers to two John Does in his factual allegations. *Id.* at 1–3.

The Court cannot exercise personal jurisdiction over non-existent or unidentified individuals. As a result, Plaintiff must identify the prison officials presently named in the complaint as John Does. To facilitate service of the complaint and identification of the Doe defendants, the Court will join the Waupun warden, Brian Foster ("Foster"), as a defendant in this action. *See Duncan v. Duckworth*, 644. F.2d 653, 655 (7th Cir. 1981). Plaintiff is advised that in the Court's scheduling order, which will be issued after Foster is served, he will be afforded a period of time in which to conduct discovery into the identities of the Doe defendants. He should seek this information from Foster. Failure to amend the complaint to identify the Doe defendants by the deadline set forth in the scheduling order may result in dismissal of this action.[1]

---

[1]Once the Doe defendants are identified, the Court will dismiss Foster as a defendant, since there is no allegation that Foster has done anything wrong or that

For the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants. 28 U.S.C. § 1915A(b).

In closing, the Court will address Plaintiff's pending motions requesting the appointment of counsel. (Docket #7, #8). As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Plaintiff's motions must be denied at this time, as he has submitted no evidence that he has made any attempts—much less reasonable attempts—to secure his own lawyer. To satisfy this Court that he has made reasonable attempts to obtain his own counsel, Plaintiff must write to several lawyers requesting representation and provide copies of the letters he receives from them denying his request. On this ground alone, the motions must be denied, without considering Plaintiff's arguments about the complexity of the case or his particular need for the aid of counsel.[2]

---

he participated in Plaintiff's medical care in any fashion. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

[2] In the second of his motions, Plaintiff claims he wrote to three attorneys and heard nothing in response. (Docket #8 at 1). Unsworn, uncorroborated representations are not enough to satisfy this Court regarding the first *Pruitt* element.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions requesting the appointment of counsel (Docket #7, #8) be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Brian Foster, warden of Waupun Correctional Institution, be and the same is hereby **JOINED** as a party defendant in this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant Foster;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution

shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge