# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANE CLARK,

          Plaintiff,

v.

BRIAN FOSTER, NATHAN HAYNES, C.O. WOOD, C.O. C. WINTERS, C.O. DEMERS, C.O. P. MAHONEY, SGT. NATHAN WOLF, C.O. SMELEER, C.O. C. HLYSTEN, C.O. BILK, C.O. MUTCHIE, C.O. BRITTANY MCCUTCHEON, and JOHN DOES 1–8,

          Defendants.

Case No. 18-CV-809-JPS

**ORDER**

    Plaintiff, who is incarcerated at Kettle Moraine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). He then filed an amended complaint on October 18, 2018. (Docket #20). He did so without requesting leave in accordance with the Court's scheduling order. (Docket #18 at 1). The Court now turns to screening the amended complaint. All of the legal standards announced in the Court's original screening order apply here. (Docket #10 at 1–3).

    Plaintiff alleges that from March 9 until March 13, 2017, while he was housed in Waupun Correctional Institution's ("Waupun") observation wing, he was not provided his psychotropic and pain medications (he does not describe what ailment necessitated those prescriptions). (Docket #20 at 2–5). The lack of medication caused severe withdrawal symptoms, pain,

and suicidal ideations. *Id.* at 5. Plaintiff alleges that he told Defendants, numerous correctional officers at Waupun, of his symptoms throughout the almost five-day period, but none of them actually obtained his medications or otherwise secured medical care for him. *Id.* at 2–5. Plaintiff portrays their response as generally uncaring despite knowing that he was experiencing severe symptoms. *Id.* Plaintiff further suggests that some of the Defendants may have altered records to conceal their lack of care. *Id.*

Like his initial complaint, Plaintiff's amended complaint crosses the very low threshold set at screening to state a claim for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. To state such a claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). While the denial of his psychotropic medication might ultimately be explained as mere negligence or the result of a considered treatment decision by his care providers, at the present stage the Court, generously construing Plaintiff's allegations, finds that he states an actionable claim.

In light of the foregoing, Plaintiff will continue to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants. 28 U.S.C. § 1915A(b). The Court

will also dismiss Defendant Brian Foster, the warden of Waupun, as he was joined solely to assist in naming John Doe defendants. *See* (Docket #10 at 4). While some John Doe defendants remain, Plaintiff may engage in discovery with the other defendants to determine the identity of the John Does.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #20) shall be his operative pleading in this matter;

**IT IS FURTHER ORDERED** that Defendant Brian Foster be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order;

Dated at Milwaukee, Wisconsin, this 26th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge